**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE**

| | |
|---|---|
| NAGASE & CO., LTD.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant,<br><br>and<br><br>GEO SPECIALTY CHEMICALS, INC.,<br><br>　　　　　　Defendant-Intervenor. | Court No. 21-00574 |

**PLAINTIFF'S MOTION FOR REFERRAL TO COURT-ANNEXED MEDIATION**

Pursuant to Rule 16.1 of the Rules of this Court, Plaintiff Nagase & Co., Ltd. ("Nagase" or "Plaintiff") hereby moves for referral to court-annexed mediation. Nagase submits that mediation would serve the Court and the parties by enabling a resolution of the claims raised in Nagase's complaint in an efficient manner that would avoid the need for continued litigation.

**A.　Timeliness of This Motion**

Rule 16.1 states that a motion for referral to court-annexed mediation is timely filed if it is filed "not less than 30 days prior to the scheduled date for the filing of" a motion for judgment pursuant to Rule 56.2. In the current case, the date for filing the Rule 56.2 motion is April 11, 2022, *see* Scheduling Order, ECF No. 26 (Jan. 28, 2022); thus, the deadline to file this motion is March 12, 2022. This motion is timely filed well before that date.

### B. Position of the Parties

Plaintiff notified counsel for Defendant, the United States, and Defendant-Intervenor, GEO Specialty Chemicals, Inc., regarding its intention to request court-annexed mediation, and both parties have indicated that they do not join this motion.

The support of all parties, however, is not necessary for the Court to grant a motion for court-annexed mediation. This Court's Guidelines for Court-Annexed Mediation ("Guidelines"), at 1, explain that "{a}ny judge may issue an Order of Referral to Court-Annexed Mediation in any case assigned to him or her. The Order may be in response to a consent motion from all the parties which requests mediation, in response to a motion from one or more parties, or may be issued *sua sponte* by the assigned judge." Thus, the Court may order mediation despite the lack of support by one or more parties to the litigation. *See AM/NS Calvert LLC v. United States*, CIT No. 21-00005, Order, ECF No. 56 (Sept. 15, 2021) (ordering mediation despite the Government's lack of support); *voestalpine High Performance Metals Corp. et. al. v. United States,* CIT No. 21-00093 Order, ECF No. 46 (Oct. 14, 2021) (same); *United States v. Tenacious Holdings, Inc.*, 6 F. Supp. 3d 1374 (Ct Int'l Trade 2014) (same).

### C. Analysis

Regarding the merits of this motion, the Court's Guidelines, at 1, explain that "{a} hallmark of mediation is its capacity to help parties expand traditional settlement discussions and broaden resolution options, often going beyond the legal issues in controversy." Plaintiff submits that the current dispute is an excellent candidate for such resolution. The Complaint identifies three claims: Counts One and Two challenge substantive issues regarding the calculation by the U.S. Department of Commerce ("Commerce") of Plaintiff's cost of production of the subject

merchandise, and Count Three identifies an extreme error in the assessment rate that Commerce has instructed U.S. Customs and Border Protection ("CBP") to collect on Plaintiff's entries of the merchandise.[1]  *See* Complaint, ECF No. 7 (Nov. 24, 2021).  Plaintiff strongly believes that all three claims are meritorious and is prepared to litigate all of them vigorously.

Count Three, however, is different in kind from the other two Counts.  The first two Counts allege methodological errors in the calculation of Nagase's dumping margin, which is the standard type of dispute subject to litigation before this Court under 28 U.S.C. § 1581(c).  Count Three, on the other hand, identifies an error that is evident from Commerce's calculation of Nagase's assessment rate.  If not corrected, the erroneous assessment instructions would direct CBP to over-collect tens of millions of dollars in dumping duties to which the Government is not entitled.  Further, the error could easily be corrected relying entirely on information already on the record, so Commerce would not be required to re-open the record or engage in complex remand proceedings.  The extraordinary circumstances of the current case – which involves an error that not only is readily correctable from information on the record, but also must be corrected to avoid the over-collection of tens of millions of dollars in dumping duties – highlight the amenability of this dispute to mediation.

Fundamentally, Count Three raises an issue that requires a balancing of two conflicting principles governing judicial review of Commerce determinations:  on the one hand, the goal of fairness and ensuring that the Government does not collect duties beyond those to which it is entitled, versus, on the other hand, the preference for finality of agency determinations.[2]  Plaintiff

---

[1]  The assessment process and the collection of duties have been stayed by this Court's issuance of a statutory preliminary injunction.  *See* Order for Statutory Injunction Upon Consent, ECF No. 13 (Dec. 1, 2021).

[2]  *See Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990) (noting Commerce's fundamental obligation under the statute to calculate dumping margins "as accurately

submits that in the current case, the former principle far outweighs the latter, and is prepared to pursue this litigation if necessary to demonstrate that point to the Court. However, the process of mediation could obviate the entire effort needed to balance such fundamental principles over an easily correctable error. In the mediation environment, the parties could review the record together in a non-adversarial way and agree upon methods available to correct the error, relying on evidence already on the record.

Moreover, it is possible that correction of the Count Three error could lead to an agreement to dismiss the remaining Counts. Thus, this lawsuit involves a straightforward situation in which mediation could lead to a prompt and efficient resolution of the entire dispute, through negotiations among the parties that would "broaden resolution options," in the language of the Court's Guidelines. In this way, court-annexed mediation would preserve the resources of the Court and the parties.

This Court's opinion in *Tenacious Holdings* provides criteria by which to analyze a motion for mediation. In that case, the Court noted that Rule 16.1 and the Court's Guidelines "do not establish any express limitations" on the Court's authority to order mediation, and therefore, "{t}he matter is left to the Court's discretion, limited by the bounds of its inherent powers." *Tenacious Holdings*, 6 F. Supp. 3d at 1377. Seeking guidance for the exercise of its discretion and inherent powers, the Court turned to *In re Atlantic Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002), a decision of the U.S. Court of Appeals for the First Circuit concerning an order for mandatory mediation. The Court of Appeals identified several key considerations regarding the invocation of a court's

---

as possible"); *NTN Ltd. v. United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995) (noting that "{t}he affected U.S. industry is not entitled to a trade remedy in excess of the difference between foreign market value and U.S. price{,}" while also acknowledging that, "{i}n some instances, a tension may arise between finality and {the} correct result").

4

inherent power to compel mediation: "(1) 'inherent powers must be used in a way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases'; (2) 'inherent powers cannot be exercised in a manner that contradicts an applicable statute or rule'; (3) 'the use of inherent powers must comport with procedural fairness'; and (4) 'inherent powers must be exercised with restraint and discretion.'" *Tenacious Holdings*, 6 F. Supp. 3d at 1377–78 (quoting *In re Atlantic Pipe Corp.*, 304 F.3d at 143).

In the current case, all four factors weigh in favor of an order directing court-annexed mediation. *First*, mediation may encourage resolution of the issues raised by Plaintiff, thereby obviating the need for additional litigation and achieving prompt and cost-effective completion of this case. That is, the likely outcome of mediation would be the correction of the error identified in Count Three of Nagase's complaint, and resolution of this issue could lead to an agreement to dismiss the remaining Counts. This process would be far more rapid and less burdensome than the anticipated schedule of full briefing, oral argument, and the drafting of a written opinion by the Court. Plaintiff submits that such an outcome would also be consistent with the direction that this Court's Rules "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." U.S. Ct. Int'l Trade R. 1. Cost-effectiveness (an "inexpensive determination") would be particularly true here because no fees are associated with court-annexed mediation under Rule 16.1.

*Second*, mediation in this case would not "contradict{} an applicable statute or rule." To the contrary, the efficacious resolution of this case without necessitating continued litigation would achieve the principles set forth in Rule 1 of this Court's Rules, as just noted.

*Third*, court-annexed mediation would "comport with procedural fairness." All parties will have an opportunity to participate in the mediation before the judge-mediator. And, should the

mediation not be successful despite good faith efforts of the parties, Plaintiff would be able to pursue this litigation upon expiration of the mediation period. The amount of time to be taken in a mediation would be relatively modest, and none of the parties would suffer any unfairness due to the time and effort involved in a mediation. Moreover, the burden imposed by any such efforts would be significantly outweighed by the potential benefits of mediation – *i.e.*, an efficient resolution of the claims raised in this case, which, in the longer run, would conserve judicial and party resources.

*Finally*, the exercise of the Court's inherent power to order court-annexed mediation under the extraordinary circumstances presented in this case – involving a readily correctable error that must be corrected to prevent over-collection of tens of millions of dollars in dumping duties – would be well within the proper bounds of "restraint and discretion."

**D.     Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court refer this matter to court-annexed mediation.

A proposed Order in the form provided by the Court's Form M-1, with modifications as appropriate, is attached.

Respectfully submitted,

/s/ Jay C. Campbell
Jay C. Campbell
White & Case LLP
701 Thirteenth Street, N.W.
Suite 600
Washington, D.C. 20005
(202) 626-3600
jcampbell@whitecase.com

/s/ Neil R. Ellis
Neil R. Ellis
Law Office of Neil Ellis PLLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 258-5421
neil@neilellislaw.com

*Counsel to Plaintiff Nagase & Co., Ltd.*

March 4, 2022

**FORM M-1**

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| NAGASE & CO., LTD., <br><br>        Plaintiff, <br>  v. <br><br>UNITED STATES, <br><br>        Defendant, <br><br>    and <br><br>GEO SPECIALTY CHEMICALS, INC., <br><br>        Defendant-Intervenor. | Court No. 21-00574 |

## ORDER OF REFERRAL TO MEDIATION

Upon consideration of all papers filed in this case, it is hereby

**ORDERED** that, pursuant to Rule 16.1, this case is referred to mediation. Judge _____ has agreed to serve as the Judge Mediator and will facilitate all sessions of mediation. The parties have a maximum of _____ days in which to conclude the mediation process. This case shall be stayed for a period of ninety (90) days or until the mediation process is concluded, whichever first occurs; and it is further

**ORDERED** that unless a settlement is reached within the mediation period and the parties have agreed to a remand to the U.S. Department of Commerce for the purpose of correcting the error identified in Count Three of Plaintiff's Complaint (ECF No. 7), the stay shall be lifted, and this case shall be returned to the active calendar without further direction from the Court.

1

2

**SO ORDERED.**

                                                                           _____
                                                                           Hon. Stephen Alexander Vaden
                                                                           Assigned Judge

DATED: _____, 2022
             New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that copies of the attached document are being served by CM/ECF, on March 4, 2022, addressed to the following parties:

Kelly M. Geddes
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044


David M. Schwartz
Thompson Hine LLP
1919 M Street, N.W.
Suite 700
Washington, DC 20036

/s/ Jay C. Campbell
Jay C. Campbell