**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE**

| | |
|---|---|
| NAGASE & CO., LTD.,<br><br>        Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>        Defendant,<br> and<br><br>GEO SPECIALTY CHEMICALS, INC.,<br><br>        Defendant-Intervenor. | Court No. 21-00574 |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER OF REFERRAL TO COURT-ANNEXED MEDIATION**

  GEO Specialty Chemicals, Inc. ("GEO"), the Defendant-Intervenor, opposes the motion for referral to court-annexed mediation of the plaintiff, Nagase & Co., Ltd. ("Plaintiff"). For the reasons set forth below, Plaintiff's motion should be denied.

  "Court annexed mediation, particularly if contested, is not a tool that is frequently employed in this court." *Sigma-Tau Healthscience, Inc. v. United States*, 28 F. Supp. 3d 1315, 1316 (Ct Int'l Trade 2014). When deciding on a motion for court-annexed mediation, the Court "conducts a benefits versus risks analysis." *Id.*; *see also United States v. Tenacious Holdings, Inc.*, 6 F. Supp. 3d 1374, 1376 (Ct Int'l Trade 2014) (Court finding that "the potential benefits of mediation outweigh the risks"). Except in a rare set of circumstances, "a dispositive motion, not mediation . . . is the most economical, efficient and proper vehicle in which to resolve this

action". *Sigma-Tau Healthscience,* 28 F. Supp. 3d at 1632. Plaintiff fails to provide a compelling reason for the Court to grant its motion for court annexed mediation.

The risks of court-annexed mediation far outweigh the potential benefits. Plaintiff admits that Counts I and II are standard disputes subject to litigation before this Court under 28 U.S.C. § 1581(c). *Plaintiff's Motion*, ECF No. 27 (March 4, 2022), at 3. According to Plaintiff, Count III, which involves an alleged error in the calculation of Plaintiff's assessment rate by the U.S. Department of Commerce ("Commerce"), is a good candidate for mediation because it is easily correctable with information already on the record. *Id*.

Defendant-Intervenor, however, strongly disagrees with Plaintiff's characterization of Count III and is prepared to vigorously oppose it. In Count III, Plaintiff contested the entered value that Commerce relied on in its calculation. Plaintiff's Complaint at ¶8. This is not, however, a ministerial error, as Plaintiff has alleged. Rather, it is a purely legal issue. Defendant would have easily consented to mediation if it agreed that the entered value it used was a clerical error. Further, the record contains no information as to what Plaintiff believes the correct entered values for Yuki Gosei Kogyo/Nagase's constructed export price ("CEP") should be. The use of court-annexed mediation to resolve Count III would significantly burden the parties by requiring them to devote significant time and resources to a mediation that neither Defendant-Intervenor nor Defendant believe would lead to a meaningful resolution of this claim. Moreover, because the legal issue in Plaintiff's Count III will impact "tens of millions of dollars of duties" assessed on imports of the subject merchandise -- *Plaintiff's Motion* at 3 -- all parties have a significant interest in obtaining a ruling from the Court, which will have precedential value in dictating Commerce's methodology for future assessment rate calculations. Briefing this issue,

as set forth in the Court's January 28, 2022 Scheduling Order, instead of mediation is the most economical, efficient and proper vehicle to resolve this action.

Because Plaintiff itself failed to exhaust administrative remedies, Count III is also readily dismissible. By statute, the Court "shall, where appropriate, require the exhaustion of administrative remedies". *Boomerang Tube LLC v. United States*, 856 F.3d 908 (Fed. Cir. 2017) (citing 28 U.S.C.S. § 2637(d)). "This statutory mandate indicates a Congressional intent that, absent a strong contrary reason, the court should insist that parties exhaust their remedies before the pertinent administrative agencies." *Id.* Plaintiff already admits that it failed to raise its objections to Commerce's assessment rate calculation for CEP sales within the applicable timelines in the underlying proceeding. Plaintiff's Complaint ¶9. It is simply too late for Plaintiff to seek remedies before the Court here. It is even less appropriate for the Court to order parties to address Plaintiff's dismissible claim through court-annexed mediation.

Plaintiff's argument that the referral of this case to mediation will prevent "over-collection of tens of millions of dollars in dumping duties" does not make sense either. *Plaintiff's Motion* at 3. This Court has already granted injunctive relief enjoining the liquidation of all entries during the pendency of this action. *Order for Statutory Injunction Upon Consent*, ECF No. 13 (Dec. 1, 2021). There is no risk of overcollection of duties during the pendency of this action. This is also not a compelling reason to refer this case to mediation.

In its motion, Plaintiff relies on various holdings of this Court to argue that "the Court may order mediation despite the lack of support by one or more parties to the litigation." *Plaintiff's Motion* at 2, referencing *AM/NS Calvert LLC v. United States*, CIT No. 21-00005, Order, ECF No. 56 (Sept. 15, 2021); *High Performance Metals Corp. et. al. v. United States*, CIT No. 21-00093 Order, ECF No. 46 (Oct. 14, 2021); and *United States v. Tenacious Holdings*,

Inc., 6 F. Supp. 3d 1374 (Ct Int'l Trade 2014). There is no dispute as to whether this Court has the power to grant a contested motion for court-annexed mediation. The Court should, however, "exercise this power with restraint and discretion." *Tenacious Holdings* at 1378 (quoting *In re Atlantic Pipe Corp.*, 304 F.3d at 143). The question here is whether Plaintiff has provided compelling reasons for the Court to use its discretion to grant the motion.

Plaintiff's reliance on the Court's holding in *Tenacious Holdings* is misplaced and purposefully ignores the circumstances surrounding the Court's decision in that case to order court-annexed mediation. As the Court explained approximately two months after its holding in *Tenacious Holdings*, "*Tenacious* involves a rare set of circumstances," compelling the Court to refer it to mediation. *Sigma-Tau Healthscience, Inc*. at 1316. In *Tenacious Holdings,* the amount in dispute was "relatively low" and could easily be "exceeded by litigation expenses," creating "an incentive for early resolution" of the action." *Id*. at 1316 (quoting *Tenacious Holdings, Inc.* at 1376). Further, the classification provision at issue in *Tenacious Holdings* had expired and "any litigated decision in that case would have no precedential impact." *Id*. These circumstances were critical to the Court's decision to use its discretion to order a contested court-annexed mediation. As noted previously, none of these circumstances is present here because the amount at issue is significant and the parties have a substantial interest in obtaining a litigated judgment from this Court. The rationale underlying the Court's decision in *Tenacious Holdings* militates against court-annexed mediation here.

Plaintiff's reliance on *AM/NS Calvert LLC* and *High Performance Metals Corp.,* is also inapposite. These cases involved challenges against Commerce's denial of exclusion requests for certain products assessed Section 232 tariffs. *AM/NS Calvert LLC v. United States*, CIT No. 21-00005, Plaintiff's Motion for Court Annexed Mediation, ECF No. 50 (Aug. 13, 2021); *High

*Performance Metals Corp. et. al. v. United States*, CIT No. 21-00093 Plaintiff's Response, ECF No. 45 (Oct. 8, 2021).  Both these cases presented substantially similar fact patterns with other court challenges to Commerce's denial of Section 232 exclusion requests that had already been resolved in stipulated judgments based on settlement agreements – and presented a real opportunity for the swift resolution of these cases with mediation to ensure, *inter alia*, "consistency with other similarly situated cases." *High Performance Metals Corp.,* ECF No. 45, at 9 (identifying similarly situated cases that resulted in settlement); *see also AM/NS Calvert LLC,* ECF No. 50, at 33 ("Given Defendant's implicit admission that BIS's decisions raise similar issues as those raised by the Court in *JSW v. United States*, Plaintiff believes that mediation would assist the parties in resolving this appeal swiftly and efficiently.").  Further, in circumstances analogous to *Tenacious Holdings'* expired classification provision, the Court's referral of mediation in *AM/NS Calvert* only involved challenges of plaintiff's past entries since its future imports were no longer subject to Section 232 duties.  *AM/NS Calvert LLC,* ECF No. 50, at 33.

      Here, Plaintiff's challenge of Commerce's calculation of the assessment rate involves a fact pattern that neither presents an opportunity for judicial economy or efficiency through mediation nor raises a concern as to disparate results in other similarly situated cases.  The rationale behind the Court's decision referring these Section 232 cases to mediation does not apply here.

For these reasons, the Court should deny Plaintiff's motion for referral to court-annexed mediation.

Respectfully submitted,

Dated:  March 14, 2022                  /s/ David M. Schwartz

David M. Schwartz
Meixuan (Michelle) Li

THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, D.C.  20036
(202) 263-4170
(202) 331-8330
*Counsel to GEO Specialty Chemicals, Inc.*

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| NAGASE & CO., LTD.,<br><br>        Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br> and<br><br>GEO SPECIALTY CHEMICALS, INC.,<br><br>        Defendant-Intervenor. | **Court No. 21-00574** |

### ORDER

Upon reading plaintiff's motion for an order of referral to mediation; Defendant-Intervenor's response in opposition thereto; upon consideration of other papers and proceedings had herein; and upon due deliberation, it is hereby

ORDERED that plaintiff's motion be, and hereby is, denied.

                       _____
                       Hon. Stephen Alexander Vaden
                       Assigned Judge

DATED: _____, 2022
     New York, New York

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the attached document are being served by CM/ECF, on March 14, 2022, addressed to the following parties:

Kelly M. Geddes
Trial Attorney
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 307-2867
Fax: (202) 305-2062
Email: kelly.geddes2@usdoj.gov

Jay Charles Campbell
White & Case, LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
(202) 626-3632
Fax: (202) 639-9355
Email: jcampbell@whitecase.com

/s/ David M. Schwartz

David M. Schwartz
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, D.C.  20036
(202) 263-4170
(202) 331-8330
*Counsel to GEO Specialty Chemicals, Inc.*