**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE**

| | |
|---|---|
| NAGASE & CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 21-00574 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| GEO SPECIALTY CHEMICALS, INC., | ) |
| Defendant-Intervenor. | ) |

## <u>ORDER</u>

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety; and further

ORDERED that final judgment is entered in favor of the United States.


Dated:_____, 2023          _____
            New York, NY                     STEPHEN ALEXANDER VADEN, JUDGE

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN**

| | | |
|---|---|---|
| NAGASE & CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 21-00574 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEO SPECIALTY CHEMICALS, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

<u>**DEFENDANT'S RESPONSE IN SUPPORT OF REMAND RESULTS**</u>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICA M. McCARTHY
Director

CLAUDIA BURKE
Assistant Director

OF COUNSEL:
CHRISTOPHER KIMURA
Attorney
Office of the Chief Counsel
  for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.
Telephone:  (202) 482-0131

KELLY M. GEDDES
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-2867
Email: kelly.geddes2@usdoj.gov

Dated September 25, 2023

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................. 2

ARGUMENT ..................................................................................................................... 4

    I.   Standard of Review ............................................................................................. 4

    II.  Commerce Has Re-Examined The "Compensation For Payment" Expense In
        Compliance With The Court's Remand Order ................................................... 5

    III. Commerce Correctly Declined to Recalculate Nagase's Assessment Rate For
        Constructed Export Price ................................................................................... 5

CONCLUSION ................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alloy Piping Products, Inc. v. Kanzen Tetsu Sdn. Bhd.*, 334 F.3d 1284 (Fed. Cir. 2003).......... 7, 9

*Amanda Foods (Vietnam) Ltd. v. United States*, 774 F. Supp. 2d 1286 (Ct. Int'l Trade 2011)...... 4

*Anshan Iron & Steel Co. v. United States*, 358 F. Supp. 2d 1236 (Ct. Int'l Trade 2004)............... 8

*Bethlehem Steel Corp. v. United States*, 223 F. Supp. 2d 1372 (Ct. Int'l Trade 2002) ................. 4

*Chengde Malleable Iron General Factory v. United States*, 31 CIT 1253 (Ct. Int'l Trade 2007) 10

*Dorbest Ltd. v. United States*, 604 F.3d 1363 (Fed. Cir. 2010) ....................................................... 7

*Hyundai Elecs. Indus. Co. v. United States*, 395 F. Supp. 2d 1231 (Ct. Int'l Trade 2005) ............ 8

*Koyo Seiko Co., Ltd. v. United States*, 14 CIT 680 (Ct. Int'l Trade 1990) ..................................... 9

*NTN Bearing Corp. v. United States*, 74 F.3d 1204 (Fed. Cir. 1995)............................................. 9

*QVD Food Co., Ltd. v. United States*, 658 F.3d 1318 (Fed. Cir. 2011)........................................... 7

*Tehnoimportexport v. United States*, 15 CIT 250 (Ct. Int'l Trade 1991) ....................................... 9

*Union Camp Corp. v. United States*, 53 F. Supp. 2d 1310 (Ct. Int'l Trade 1999) ........................ 8

**Statutes**

19 U.S.C. § 1675 ............................................................................................................................... 6

**Regulations**

19 C.F.R. § 351.224 .......................................................................................................................... 6

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN

_____
                                                )
NAGASE & CO., LTD.,                             )
                                                )
   Plaintiff,                    )
                                                )
  v.                                   )   Court No. 21-00574
                                                )
UNITED STATES,                                  )
                                                )
   Defendant,                     )
                                                )
  and                                  )
                                                )
GEO SPECIALTY CHEMICALS, INC.,                  )
                                                )
   Defendant-Intervenor.          )
_____)

### DEFENDANT'S RESPONSE IN SUPPORT OF REMAND RESULTS

   Defendant, the United States, respectfully submits this response to the comments submitted by plaintiff Nagase & Co., Ltd. (Nagase) concerning the U.S. Department of Commerce's (Commerce) Final Results of Redetermination Pursuant to Court Remand filed with this Court on August 9, 2023.  Final Results of Redetermination Pursuant to Ct. Remand (Aug. 9, 2023), ECF No. 57 (Final Remand Results); *see also Nagase & Co., Ltd. v. United States*, Ct. No. 21-00574, Slip Op 23-46, 628 F. Supp. 3d 1326 (Ct. Int'l Trade April 11, 2023) (Remand Order).  As discussed below, Commerce's Final Remand Results fully comply with the Court's remand order, and plaintiff cannot demonstrate that the redetermination is unlawful or unsupported by substantial evidence.  Accordingly, the Court should sustain the Final Remand Results.

## BACKGROUND

On August 6, 2020, Commerce initiated the first administrative review of the antidumping duty order on glycine from Japan. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 47,731, 47,735 (Dep't of Commerce Aug. 6, 2020) (initiation notice) (P.R. 11).[1]  Commerce selected Nagase for individual examination. Respondent Selection Memo (Sept. 28, 2020) (P.R. 17).

On June 30, 2021, Commerce issued its preliminary results, calculating a weighted average dumping margin of 27.71 percent. *Glycine from Japan*, 86 Fed. Reg. 36,105 (Dep't of Commerce July 8, 2021) (preliminary results) (P.R. 89; P.R. 94).  Consistent with 19 C.F.R. § 351.222, Commerce disclosed all preliminary calculations, including Nagase's assessment rate. Preliminary Margin Output, 123 (C.R. 79).

On September 23, 2021, after considering comments from administrative case and rebuttal briefs, Commerce issued its final results. *Glycine from Japan: Final Results of Antidumping Duty Administrative Review; 2018-2020*, 86 Fed. Reg. 53,946 (Dep't of Commerce Sept. 29, 2021) (Final Results) (P.R. 106), and accompanying Issues and Decision Memorandum (IDM) (P.R. 102).  No party contested the assessment rate calculated for Nagase's CEP sales, which remained unchanged in the final results.  *See* Geo Specialty Chemicals, Inc.'s Case Brief and Rebuttal Brief (P.R. 96; C.R. 80), and Nagase's Case Brief and Rebuttal Brief (P.R. 81; C.R. 97).

On October 18, 2021, 25 days after the release of the final calculations and 19 days after the publication of the final results, Nagase's counsel requested that Commerce reopen the

---

[1]  In this brief, we use "P.R." and "C.R." to refer to the public and confidential records of Commerce's original determination.  We use "P.R.R." and "C.R.R." to refer to the public and confidential records of Commerce's redetermination on remand.

completed proceeding to recalculate Nagase's assessment rate for CEP sales.  *See* Phone Call with Counsel, P.R. 109.  Commerce declined to do so.  The underlying suit followed.

On April 11, 2023, this Court issued an order that partially sustained and partially remanded Commerce's final results.  *See* Remand Order.  The Court directed Commerce to further consider whether it correctly classified plaintiff's "compensation for payment" expense as a general and administrative expense.  *Id.* at 25-31.  The Court sustained Commerce's decisions to (1) include research and development costs in the general and administrative expense ratio and (2) reject Nagase's request to correct its assessment rate after the ministerial error deadline had passed.

With respect to the latter issue, the sole issue that remains in dispute, the Court held that "Commerce did not exceed its lawful discretion by denying Nagase's untimely request to correct the assessment rate error."  *Id.* at 35.  It then considered Nagase's argument that even without finding an abuse of discretion, the Court could invoke equitable powers to require Commerce to correct the alleged error.  The Court concluded that such a "free-floating power to command Commerce to alter its Final Results on remand without a finding of legal error…does not exist."  *Id.* at 37.

On remand, Nagase requested an opportunity to put corrected data on the record so that Commerce could recalculate the assessment rate.  *See* May 22, 2023 Memorandum (P.R.R. 1); *see also* Nagase Comments on Remand Proceeding at 3 (P.R.R. 2).  Nagase also requested that, if Commerce was not willing to reopen the record, it recalculate the assessment rate by using a

per-unit rate rather than the *ad valorem* rate.[2]  *See* Nagase Comments on Remand Proceeding at 3.

On July 14, 2023, Commerce released its Draft Results of Redetermination.  Commerce concluded that it was not appropriate to disturb the administrative finality of an issue that the Court did not remand, where the alleged error was caused by Nagase and where Nagase failed to timely raise the issue.  *See* Draft Results of Redetermination Pursuant to Court Remand at 10-12 (July 14, 2023) (P.R.R. 4).  Nagase timely submitted comments arguing that Commerce should have corrected the assessment rate in order to fulfill its obligation to calculate antidumping duties accurately.   Nagase's Letter, "Comments on Draft Remand Results of Redetermination," dated July 24, 2023 (C.R.R. 14) (P.R.R. 8).  On August 9, 2023, Commerce filed its Final Remand Results with the Court.  Commerce's analysis from its draft redetermination was unchanged.  *See* Final Remand results at 10-12.

## ARGUMENT

### I.   Standard of Review

"The same standard of review applies to the review of a remand determination as to the review of the original determination."  *Bethlehem Steel Corp. v. United States*, 223 F. Supp. 2d 1372, 1375 (Ct. Int'l Trade 2002).  Accordingly, the "court will sustain {Commerce's} determination upon remand if it complies with the court's remand order, is supported by substantial evidence on the record, and is otherwise in accordance with law."  *Amanda Foods (Vietnam) Ltd. v. United States*, 774 F. Supp. 2d 1286, 1290 (Ct. Int'l Trade 2011).

---

[2]  Commerce's standard practice is to calculate an *ad valorem* rate, which relies on the reported sales value of Nagase's entries—the data that Nagase alleges was incorrect.  A per-unit rate would rely only on the reported duty amounts and weights for the entries, which Nagase asserts were reported correctly.

II.   **Commerce Has Re-Examined The "Compensation For Payment" Expense In Compliance With The Court's Remand Order**

Pursuant to the Court's remand order, Commerce has re-examined the record evidence to determine whether a "compensation for payment" was properly classified as a general and administrative expense.  The expense was a payment to a customer to settle claims arising from a contract for the production of non-subject merchandise.  Commerce reexamined Nagase's exhibits indicating that its affiliate, Yuki Gosei Kogyo Co., Ltd., manufactured the non-glycine product in question for a non-affiliated customer on a consignment basis, and that the merchandise in question was not suitable for sale to other parties.  Final Remand Results at 7.  Commerce found that Nagase's exhibits indicate that the compensation for payment is attributable solely to the production of the non-glycine product in question for the unaffiliated company.  *Id*. at 8.  As a result, Commerce determined that Nagase's compensation for payment expense relates to a production process or manufacturing cost that does not involve glycine and that Nagase continues to produce other subcontracted non-glycine products.  *Id.* at 6-10.  Commerce therefore determined to exclude the expense from the calculation of Nagase's general and administrative expense ratio.  Nagase does not challenge this determination.  We therefore respectfully request that the Court sustain Commerce's the final results, which fulfilled the requirements of the remand order and are otherwise supported by substantial evidence and in accordance with the law.

III.   **Commerce Correctly Declined to Recalculate Nagase's Assessment Rate For Constructed Export Price**

In the underlying proceeding, Commerce declined Nagase's untimely request to correct its assessment rate based on an alleged error in the data Nagase provided for its constructed export price (CEP) entries.  The Court has already sustained that decision, Remand Order at 31-38.  Accordingly, the Court's remand order did not require Commerce to reconsider the

assessment rate issue.  Rather, the Court remanded the single issue of the categorization of the "compensation for payment" expense.  *Id.* at 31.  Commerce fully complied with the order by reconsidering that issue, and in doing so fulfilled its obligations on remand.  The Court has no reason to reconsider the assessment rate issue now.

Throughout the proceeding, Commerce considered all comments submitted by interested parties in their case briefs and rebuttal briefs, including arguments made by Nagase.  During the proceeding (i.e., prior to the issuance of the Final Results), Nagase did not claim that it had submitted erroneous CEP entry data or otherwise dispute its assessment rate.  *See* Nagase's Case Brief (C.R. 81); Nagase's Rebuttal Brief (C.R. 84).  Nor did Nagase avail itself of the procedure provided under 19 U.S.C. § 1675(h) and 19 C.F.R. § 351.224 for correcting ministerial errors after the Final Results were issued.  *Id.*  Instead, Nagase raised this issue for the first time 19 days after its last opportunity to raise objections to the results had passed.

At that point, Commerce declined to reconsider its results. It concluded that the interest in finality outweighed the interest in ensuring accuracy where the party responsible for the error had failed to take advantage of multiple opportunities to raise the issue before the results became final.  The Court found this decision would be within Commerce's discretion.  Remand Order at 34-36.  The Court noted that, on remand, the issue of whether to reconsider the assessment rate continued to be a discretionary one.  *Id.* at 38.  For the same reasons that it was within Commerce's discretion to decline to reopen this issue when Nagase first raised it, it was within Commerce's discretion to continue to decline to reopen the issue on remand.

As this Court recognized, Commerce is required to correct a respondent's error that is apparent on the face of the final determination only where the respondent has exhausted its administrative remedies, which Nagase failed to do.  Remand Order at 36 (citing *Alloy Piping*

6

*Products, Inc. v. Kanzen Tetsu Sdn. Bhd.*, 334 F.3d 1284, 1292-93 (Fed. Cir. 2003)).  This Court also recognized that neither the Court of International Trade nor the Federal Circuit has found an abuse of discretion where Commerce declined to correct a discoverable ministerial error not raised until after the ministerial error comment window closes.  Remand Order at 34.  The Federal Circuit has previously rejected contentions that Commerce made a reversible error when it declined to make ministerial error corrections outside of the time period specified by the regulations.  *See QVD Food Co., Ltd. v. United States*, 658 F.3d 1318, 1328 (Fed. Cir. 2011) ("Commerce's refusal to make a ministerial error correction is not a reversible error when the alleged mistake was discoverable earlier in the proceeding, but was not pointed out to Commerce during the time period specified by regulation."); *Dorbest Ltd. v. United States*, 604 F.3d 1363 (Fed. Cir. 2010) ("AFMC has pointed to no decision of either the CIT or this court that holds that Commerce's refusal to fix a clerical error in the calculation of an antidumping duty margin is an abuse of discretion when the clerical error was discoverable during the original proceeding but was not pointed out to Commerce during the time period specified in the regulations.  We have found no such case.").  In light of the precedent established above and the facts of Nagase's failures to raise its concern within the appropriate timeframe, this Court held that no legal error existed in Commerce's decision.  Remand Order at 37.

Nagase argues that the Court should remand Commerce's redetermination because Commerce cannot rely on information it knows to be incorrect.  *See* Nagase Comments in Partial Opposition at 3-6.  Nagase also contends that because the record information is incorrect, the principles of finality are overridden.  *Id.* at 7-8.  However, despite Nagase's contentions, an unrelated remand is not a vehicle for circumventing exhaustion requirements.

Nagase supports its position with case law indicating that the Court should not knowingly affirm a determination with errors.  Nagase Comments in Partial Opposition at 4 (citing *Hyundai Elecs. Indus. Co. v. United States*, 395 F. Supp. 2d 1231, 1243 (Ct. Int'l Trade 2005)).  However, in *Hyundai* "all parties…agreed that the *Draft Remand Results* contained a miscalculation of Hyundai's entered value."  *Hyundai*, 395 F. Supp. 2d 1231, 1243.  Here, neither Commerce nor the Court has indicated that it knows the assessment rate is an error.  Rather, the Court expressed concern that the record does not demonstrate what the correct assessment rate is.  Remand Order at 36-37, n.7.

Nagase also cites cases to support its argument that Commerce is prohibited from knowingly using incorrect information, and that this overrides an interest in finality.  Nagase Comments in Partial Opposition at 2, 7 (citing *Anshan Iron & Steel Co. v. United States*, 358 F. Supp. 2d 1236, 1243 (Ct. Int'l Trade 2004); *Union Camp Corp. v. United States*, 53 F. Supp. 2d 1310, 1324 (Ct. Int'l Trade 1999)).  However, *Anshan Iron & Steel* and *Union Camp* are distinguishable from this one.  In both those cases, the Court found that information from outside Commerce's record was so compelling that they took judicial notice.  *Anshan Iron & Steel*, 358 F. Supp. 2d at 1243; *Union Camp*, 53 F. Supp. 2d at 1323-4.  This Court has not taken judicial notice of any information or calculations concerning Nagase's correct CEP assessment rate; rather, it has expressed hesitancy concerning Nagase's proposed methods for calculating a revised rate.  Remand Order at 36-37, n.7.

Further, Nagase's argument implies that whenever a case happens to be remanded on an unrelated issue, Commerce may be required to reconsider other issues that were not timely raised.  The Court has already rejected this view.  Remand Order at 35.  Moreover, this would defeat the purpose of the well-settled principle, repeatedly affirmed by this Court and the Federal

8

Circuit, that Commerce is not required to correct an error—even an error apparent on the face of a final determination—if the respondent alleging error failed to exhaust its administrative remedies.  Remand Order at 35-36. (citing *Alloy Piping*, 334 F.3d 1284 at 1292-93; *NTN Bearing Corp. v. United State*s, 74 F.3d 1204, 1208 (Fed. Cir. 1995); *Tehnoimportexport v. United States*, 15 CIT 250, 258 (Ct. Int'l Trade 1991); *Koyo Seiko Co., Ltd. v. United States*, 14 CIT 680, 681 (Ct. Int'l Trade 1990)).

Nagase attempts to get around this fact by contending that, because Commerce recalculated the dumping margin and assessment rate after reclassifying the "compensation for payment" expense, the door was opened to consider issues not on remand.  Nagase Comments in Partial Opposition at 7-8.  But again, this logic would undermine the principle of exhaustion and allow parties to circumvent the statutory and regulatory process for raising issues in a timely manner.

Finally, Nagase incorrectly assumes that Commerce could accurately calculate Nagase's assessment rate without using Nagase's allegedly erroneous data.  But the Court already found that Nagase's supposed workarounds are in dispute, as the record "does not contain the target at which Commerce should be aiming" and "the other interested parties do not accede to Nagase's understanding of the correct…value…or to Commerce's use of nonstandard means to derive it." Remand Order at 36-37, n.7.  Nagase argues that it would be appropriate for Commerce to calculate a per-unit assessment rate, rather than an *ad valorem* assessment rate, because the entered value was unknown due to the alleged error in Nagase's reported data.  Nagase Comments in Partial Opposition at 8-9.  Commerce remains unconvinced by this argument because Nagase did report entered values, so the situation is different than cases where the entered values are missing from the record entirely.

In sum, Commerce fully complied with this Court's remand order by reexamining its decision concerning the classification of the "compensation for payment" expense, and Nagase agrees with Commerce's determination on that issue.  The remand results should therefore be sustained.  As the Court determined in its remand order, the fact that it was ordering Commerce to reconsider a determination on remand did not give it the power to force Commerce to disturb the finality of a different determination that was not found to be unlawful.  Remand Order at 35, citing *Chengde Malleable Iron General Factory v. United States*, 31 CIT 1253, 1260 (Ct. Int'l Trade 2007).

## <u>CONCLUSION</u>

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director

/s/ Kelly M. Geddes
KELLY M. GEDDES
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-2867
Email: kelly.geddes2@usdoj.gov

OF COUNSEL:
CHRISTOPHER KIMURA
Attorney
Office of the Chief Counsel
   for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.
Telephone:  (202) 482-0131

Dated September 25, 2023

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

Defendant's counsel certifies that this brief complies with the Court's type-volume limitation rules.  According the word count calculated by the Microsoft Word processing system used to prepare this brief, I certify that this brief contains 2,685 words.

/s/ Kelly M. Geddes

September 25, 2023